POFFENBERGER v. BLACKSTONE.

REAL ESTATE, ACTION TO RECOVER.— *Unlawful Detention.*—*Defences Admissible without Plea.*—*Evidence.*—*Harmless Error.*—In an action to recover real estate, brought under the provisions of the acts of May 13th, 1852, and March 4th, 1853, (2 R. S. 1876, p. 662,) "concerning the unlawful detention of lands," etc., all defences may be given in evidence without plea, and, therefore, the sustaining of a demurrer to an answer is harmless.

SAME.—*Supreme Court.*—*Practice.*—*Record.*—Where, in such action, the evidence is not in the record, on appeal to the Supreme Court, no question is presented by the overruling of a motion for a new trial.

From the Wells Circuit Court.

*D. T. Smith, J. E. McDonald, J. M. Butler, F. B. Mc-Donald* and *G. C. Butler*, for appellant.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, in the court below.

In his complaint, the appellee alleged, in substance, that on the 29th day of June, 1872, " and at sundry other times thereafter," the appellant became the tenant of the appellee of in-lot number six, on the recorded plat of Jacob Poffenberger's addition to the town of Bluffton, Wells County, Indiana, and as such became indebted 'to the appellee, at sundry times, for the sum of one hundred and eight dollars, rent for said premises, which sum was all due and unpaid on the 27th day of December, 1873; whereupon the appellee served on the appellant a written notice, by copy delivered to appellant on the 12th day of January, 1874, notifying the appellant, as appellee's tenant, that said rent was due and unpaid, and that appellant must quit possession of said premises within ten days from said service, a copy of which notice was attached to said complaint as a part thereof; that said ten days elapsed on the 22d day of January, 1874; and that said tenant, having failed to pay said rent or any part thereof, then held possession of said premises, unlawfully detaining the same from the appellee, to the appellee's damage ten dollars; wherefore the appellee demanded judgment for the pos-

session of said premises and ten dollars damages for said unlawful detention, and for other proper relief.

To the appellee's complaint, the appellant answered in three paragraphs; the first of which was a general denial, and each of the other two set up affirmative matter, in bar of the action. Appellee's demurrers to the second and third paragraphs of the answer, for the want of sufficient facts, were severally sustained by the court below, and to these decisions the appellant excepted. The view which we have taken of this cause makes it unnecessary for us to set out at length the several paragraphs of appellant's answer.

And the action being at issue on the general denial, there was a trial by the court below, without a jury, and the court found for the appellee, that he was entitled to the possession of the premises described in his complaint. And the appellant's written motion for a new trial having been overruled, and his exception saved thereto, judgment was rendered by the court below on its finding.

The appellant has assigned, in this court, the following alleged errors of the court below, to wit:

1st. In sustaining the appellee's demurrer to the second paragraph of the appellant's answer;

2d. In sustaining the appellee's demurrer to the third paragraph of the appellant's answer; and,

3d. In overruling the appellant's motion for a new trial.

The first two of these alleged errors may well be considered together. And the first thought which suggests itself, in considering the questions presented by these two errors, is, that the second and third paragraphs of the appellant's answer were improper and unnecessary pleadings, in such actions or proceedings as the one now before us. It is manifest, from the averments of his complaint, that the appellee brought this action against the appellant under the provisions of an act entitled " An act concerning

the unlawful detention of lands and the recovery thereof," approved May 13th, 1852.   2 R. S. 1876, p. 662.   As originally enacted, this act authorized the commencement of such actions as this, only before a justice of the peace of the county in which the lands lay; but, by an act approved March 4th, 1853, it was provided, that, in all such actions, the courts of common pleas should have concurrent jurisdiction with justices of the peace.   2 R. S. 1876, p. 662, note 3.   By the provisions of the 79th section of the act abolishing courts of common pleas, etc., approved March 6th, 1873, circuit courts had the same jurisdiction conferred on them, as had before that time been exercised by courts of common pleas.   1 R. S. 1876, p. 390.   Circuit courts now have, therefore, concurrent jurisdiction with justices of the peace, in all such actions.

But the actions are statutory, and, so far as the pleadings and practice therein are concerned, they are governed by the provisions of the first mentioned act of May 13th, 1852, *supra.*   This act, as we construe it, does not contemplate nor provide for the filing of any pleading or answer by the defendant in such actions.   The act specifies what the complaint, in such an action, shall contain, but the only provision in regard to the proceedings subsequent to the complaint contemplates that such proceedings shall be the same as " in civil cases before justices."   2 R. S. 1876, p. 663, sec. 4.

" All matter of defence, except the statute of limitations, set-off, and matter in abatement may be given in evidence without plea," in civil cases before justices.   2 R. S. 1876, p. 612, sec. 34.   It follows, therefore, that all the matters of defence, which were stated and set forth in the second and third paragraphs of the appellant's answer, in this action, might have been given in evidence on the trial, " without plea."   This being so, it is clear that no harm was done the appellant by the decision of the court below, sustaining the appellee's demurrers to these paragraphs of answer.   It has often

been held by this court, that it is a harmless error to improperly sustain a demurrer to a paragraph of answer, when all the material facts alleged therein are admissible otherwise, without such paragraph. *Strough* v. *Gear*, 48 Ind. 100, and *Maxwell* v. *Brooks*, 54 Ind. 98.

Our conclusion is, that the first and second alleged errors, in this cause, are not available to the appellant for any purpose.

The evidence on the trial of this cause, in the court below, is not in the record; and, therefore, the third alleged error presents no question for our consideration.

We find no error in the record.

The judgment of the court below is affirmed, at the appellant's costs.