and a *bona fide* purchaser without actual notice. In such a case there must be such a description as will impart sufficient information to the purchaser to enable him, by inquiries suggested by the instrument itself, to identify the property. The peculiar frame of this answer excludes any inference that there was any such information imparted by the record.

If appellant had replied, showing circumstances of identification, a very different question would have been presented, but instead of doing this he confessed by his demurrer that such circumstances did not exist. The effect of his demurrer was to concede that the only means by which the property could be identified were furnished by the description in the mortgage, and it is plain that nothing therein contained served to distinguish the mule colts named, not described, from any others of like age, owned by the mortgagor or anybody else.

Petition overruled.

---

No. 8291.

STANTON ET AL. *v.* THE STATE, EX REL. RICH ET AL.

PRACTICE.—*Supreme Court.—Overruling Motion to Strike Out.*—A judgment will not be reversed on account of overruling a motion to strike out parts of a pleading.

SAME.—*Sustaining Motion to Strike Out.*—An error in sustaining a motion to strike out can not be cured in the introduction of the testimony, and, when properly in the record, ought to be considered.

SAME.—*Bill of Exceptions.*—Matter struck out of a pleading on motion can be put into the record again only by being copied into a bill of exceptions.

SAME.—*Partition.—Action on Bond of Commissioner Appointed to Sell.— Rents and Profits.—Evidence.*—On the trial of an action by heirs upon

the bond of a commissioner appointed to sell real estate in a proceeding for partition, plaintiffs can not, while suing for the purchase-money and interest, claim, and give evidence of, the rents and profits which have accrued after the sale.

BRIEF.—*Waiver.*—An error assigned, but not discussed or referred to by appellant's counsel, is waived.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellants.

*A. F. Shirts, G. Shirts* and *W. R. Fertig*, for appellees.

FRANKLIN, C.—This was a suit by the heirs of John Green against Isaac W. Stanton, as principal, and Sylvanus Carey as surety, upon a bond as commissioner to sell real estate, under a partition proceeding. The complaint alleges that Stanton as such commissioner sold the land for $1,700 ; that the order required the commissioner to sell the land for one-third cash in hand, and the balance payable in two equal instalments in twelve and eighteen months respectively, taking notes with good freehold surety for deferred payments ; that said commissioner, on the 5th day of February, 1874, reported to the court that he had sold the land, in all things in pursuance of the order for sale, which report was confirmed by the court, and the purchaser was put in possession of the premises ; that the report was false ; that said Stanton had only received from the purchase $250, instead of the one-third of the said $1,700 ; that he took no security on the purchaser's notes for the balance of the purchase-money ; that the purchaser was worthless and insolvent ; that said commissioner never collected but $500 of said purchase-money, and that he converted to his own use ; that the notes for the balance are entirely worthless ; that the purchaser ever since has remained in the possession of the premises, and that the rental value thereof was reasonably worth $200 per annum ; that said commissioner had delayed settlement for over five years, and had unnecessarily made large costs and expenses, in the sum of $500 ; that the lands

were worth $2,000 at the time of the sale, but have depreci-ated since that time until they are not now worth over $1,000.

The defendants filed a written motion to strike out parts of complaint, which motion was overruled by the court and excepted to by defendants. Defendants then filed a demur-rer to the complaint, alleging for cause the insufficiency of facts; which was overruled by the court, and excepted to by defendants. Defendants then filed an answer in three paragraphs. Plaintiffs moved to strike out parts of second paragraph of answer, which was sustained by the court, and defendants excepted. Plaintiffs replied by a general denial. Trial by court; finding and judgment for plaintiffs for two thousand and forty dollars ($2,040).

Defendants filed a motion for a new trial, and assigned therefor the following reasons:

"1st. Because the finding of the court is contrary to law.

"2d. Because the finding of the court is contrary to the evidence.

"3d. Because the finding of the court is not sustained by sufficient evidence.

"4th. For error of law committed by the court in allow-ing the plaintiff to introduce in evidence, over the objections of the defendants, the complete record in the case of Rachel Newby *v.* Seth Green, partition suit, No. 452.

"5th. For error of law committed by the court in allow-ing the plaintiff to introduce in evidence, over the objections of the defendants, on the trial of said cause, the judgment taken in said court, and execution and return thereon, in the case of Stanton, as Comm'r, *v.* Carey, for the purpose of showing the insolvency of Levi G. Carey.

"6th. For error of law committed by the court, at the trial of said cause, in allowing the plaintiff to introduce in evidence, over the objection of the defendants, the notes executed by said Carey to said Stanton.

"7th. For error of law committed by the court, at the

trial of said cause, in allowing the witness R. B. Jones, in behalf of the plaintiff, over the objection of the defendants, to testify as to the rents and profits of said land, and rental value of the land, for the last five years.

"8th. For error of law committed by the court at the trial of said cause, in allowing the witness R. C. Mendenhall, in behalf of the plaintiff, over the objection of the defendants, to testify as to the rents and profits of the land from the 31st day of January, 1874, until the present time.

"9th. The damages assessed by the court are excessive."

Motion overruled by the court, and excepted to by defendants. Bill of exceptions filed, embracing motions to strike out, and sixty days given to file bill of exceptions. Further bill of exceptions, embracing the evidence, filed in time.

Appellants have filed in this court the following assignment of errors, to wit:

"1st. The court erred in overruling appellants' motion to strike out parts of complaint;

"2d. The court erred in overruling appellants' demurrer to the complaint;

"3d. The court erred in sustaining appellee's motion to strike out parts of appellants' second paragraph in their answer;

"4th. The court erred in overruling appellants' motion for a new trial."

This court has so repeatedly decided that a judgment will not be reversed on account of overruling a motion to strike out parts of a pleading, for the reason that advantage can be taken of any such objection, upon the introduction of the testimony, that it is unnecessary to cite authorities in support thereof.

An error in sustaining a motion to strike out can not be cured in the introduction of the testimony, and when properly in the record, ought to be considered. The portions stricken out can only be put into the record again by being

copied in a bill of exceptions. That has not been done in this case.

In the bill of exceptions reference is made to the parts stricken out, by naming lines and pages in the original paragraph of the answer. But as those parts have been stricken out, this does not place them back in the record, and they can not be considered by this court. *The City of Crawfordsville* v. *Barr*, 45 Ind. 258. We see no available error in the rulings of the court upon the motions to strike out.

The second error assigned has not been discussed or referred to by appellants' counsel in their brief. It is therefore waived.

The fourth error assigned is the overruling of the motion for a new trial.

Counsel for appellants have discussed and referred us to the seventh, eighth and ninth reasons for a new trial. They embrace the objections to the introduction of the testimony of Jones and Mendenhall upon the value of the rents and profits of the land for the last five years, and the excessive damages found by the court. This testimony was erroneously admitted. Plaintiffs had no right to claim the rents and profits of the land, which had accrued after the sale, while treating the sale as valid, and suing for the purchase-money with the interest thereon. Counsel for appellees insist that this is a harmless error, if it may be considered an error, and in support thereof have referred us to the case of *Adams* v. *Dale*, 38 Ind. 105. In that case the court announced in its finding that the illegally admitted testimony had been entirely excluded from consideration. The record in this case does not show anything of that kind. Nor does it show what facts the court took into consideration in the assessment of the damages. And if it did not take into consideration the rents and profits, we are not prepared to say the damages were not excessive. The evidence shows that the commissioner had paid out to the proper parties

some $1,700.00, including reasonable fees for his services, and this does not include any of the costs of litigation or in the partition proceedings, which plaintiffs charged in the complaint to be five hundred dollars ; nor does it include any attorney's fees. Should he receive a credit for all these, and have the same deducted from the $3,200.00, a balance of $2,040.00 would seem to be rather excessive. However, this can be properly adjusted in another trial of the cause.

We think the court committed such an error, in the admission of said testimony, as to require a reversal of the judgment.

PER CURIAM.—It is therefore ordered upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at costs of appellees, and the cause is remanded, with instructions to sustain the appellants' motion for a new trial, and for further proceedings.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellees, in their petition for a rehearing, insist that the error of introducing evidence, on the trial, of the value of the rents and profits of the land, if an error, is harmless, for the reason that the amount of the damages assessed was about correct, and the judgment ought to be affirmed.

But, if the damages are still considered by this court as excessive, we are asked to determine the amount of the excess, so that appellees can enter a remittitur, and have the judgment affirmed.

It can not be seriously questioned that a party suing for the purchase-money of the land can not in the same action recover for the rents and profits of the land which had accumulated after the sale ; and, if he could not recover them, he would have no right to introduce evidence of them ; and, the record not affirmatively showing that this evidence was

Stanton *et al.* *v.* The State, *ex rel.* Rich *et al.*

not considered in the assessment of damages, its introduction was clearly erroneous.

Appellees, in their petition for a rehearing, admit that appellant's credits for payments made to heirs and for services as commissioner, amounted to about $1,700. If this included all the credits that appellant was entitled to, the assessment of damages would be very nearly right. But this amount does not include the costs in the original partition proceedings, nor the costs upon the intermediate litigation to collect the purchase-money for the land sold, nor does it include attorney's fees. If the heirs are permitted to recover the whole amount of the balance of the proceeds of the sale of the land, there will be no fund left with which to pay these costs and attorney's fees. Thus the damages still appear to be excessive. We would willingly determine the amount of the excess and allow a remittitur, if we had the data upon which to do so. The evidence does not show the amount of the costs or attorney's fees, and, as the charge in the complaint is in the gross sum of $500, we fear it would be doing appellees injustice to find that amount. It may be the appellants' fault that the proof does not show these facts; and it may also be said to be the fault of appellees, that the improper testimony of the value of the rents was introduced.

We think the best thing that we can do in the case is to reverse it, in order that the expenses of administering the trust may be properly adjusted in a new trial. We therefore adhere to our original opinion.

PER CURIAM.—It is therefore ordered that the petition for a rehearing be overruled.