McDonald v. Geisendorff et al.

Filed April 25, 1891.

———————

No. 15,012.

MCDONALD v. GEISENDORFF ET AL.

128 153
149 369

TAXES — Tax Title.—Actions to Quiet Title.—The remedy afforded by section 6496, R. S. 1881, which provides for actions to quiet title in persons holding tax deeds, belongs to those only who hold such deeds.

SAME.—Tax Certificate.—Lien.—A pleading by one holding only a tax certificate, which proceeds on the theory that the pleader is entitled to such remedy, is bad, as he is entitled to nothing more than to be protected in the lien transferred to him by the State at the time of his purchase at tax-sale.

PRACTICE.—Striking Out Pleading.—Bill of Exceptions.—The ruling of the court in striking out a pleading must be saved by a bill of exceptions to present any question on appeal.

From the Noble Circuit Court.

McDonald *v.* Geisendorff *et al.*

*L. W. Welker,* for appellant.
*W. W. H. McCurdy,* for appellees.

COFFEY, J.—This was an action by Daniel A. Richardson against all the parties now before the court, except Sarah Geisendorff, to foreclose a mortgage upon certain described land. The appellant filed an amended cross-complaint against all the parties then before the court, and against the appellee Sarah Geisendorff, in which he alleged, among other things, that on the 8th day of February, 1886, he purchased the land therein described, being part of the land covered by the mortgage in suit, at a tax-sale, and paid therefor the sum of $12.05; and that, on the 14th day of April, 1887, he paid taxes thereon amounting to $1.98; that there was due him, prior to February 8, 1888, on his certificate of purchase, the sum of $19.15, which had not been paid; that on the ——— day of ———, 1888, the appellee McCurdy paid the auditor of Noble county the sum of $15.25, being $3.80 less than the amount required to redeem the land from said tax-sale, and that the auditor issued to him a quietus; that, on the 18th day of May, 1888, he presented to the appellee Phillips, who was the auditor of Noble county, the tax certificate issued to him at the sale, and demanded a deed thereon, which the auditor refused to execute.

Prayer that the auditor be required to execute a deed, and that appellant's title to the land be quieted.

To this cross-complaint the appellees, McCurdy, Geisendorff, Geisendorff and Geisendorff, answered, among other things, that they had been the owners in fee of the land described in the cross-complaint for the period of ten years, as tenants in common; that, in the month of January, 1888, they applied to the treasurer of Noble county to redeem said land from the tax-sale named in the cross-complaint; that the treasurer stated to them that the amount necessary to make said redemption was $16.98, and that they thereupon paid him said amount for the use of the appellant, and re-

ceived from said treasurer a receipt for said sum, and filed the same with the auditor of Noble county, and received from him certificates showing that they had redeemed the land from said tax-sale; that at the time they paid said money they did so in good faith, believing it to be the full sum due the appellant on his certificate; that, if any sum was due appellant over and above the amount paid, it did not exceed $1.00; that, on the 7th day of June, 1888, they tendered the appellant $2.50 in discharge of the balance due him, which he refused to accept. The appellees brought said sum of $2.50 into court for the use of the appellant.

To this answer the court overruled a demurrer.

The appellant replied, admitting the tender of the amount named in the answer, but averring that at the time of such tender there was due to him for redemption money, and for costs in this action a much larger sum, to wit: $15.

The cross-complaint as to Phillips, the county auditor, was struck out by the court, but the ruling was not saved by a bill of exceptions.

The court made a special finding of facts in the cause, and stated its conclusions of law thereon, to which conclusions of law the appellant excepted.

It is contended by the appellant:

*First.* That the court erred in overruling the demurrer to the above answers.

*Second.* That the court erred in its conclusions of law on the facts found.

The objection urged against the answer is, that it is not pleaded as a bar to the further prosecution of the action, and does not aver that the tender included the accrued costs.

The cross-complaint to which it is addressed proceeds upon the theory that the appellant had the right to the remedy provided by section 6496, R. S. 1881. In this he was mistaken. The remedy provided by that section belongs to those only who hold tax-deeds. As the appellant had no deed, he was entitled to nothing more than to be protected

in the lien transferred to him by the State at the time of his purchase at tax-sale.    *Reed* v. *Earhart,* 88 Ind. 159.

As the cross-complaint was bad, it is unnecessary to inquire into the sufficiency of the answer, as a bad answer is good enough for a bad complaint.

We do not think the court erred in its conclusion of law on the facts found.

While the tax sale was sufficient to transfer to the appellant the lien of the State for taxes, it was not, under the facts found by the court, sufficient to transfer the title to the land. The amount tendered and brought into court exceeded the sum due to the appellant.    There is no finding that at the time of the tender there was any costs due from the appellees to the appellant, or that the appellant had incurred any liability for costs which could have been adjudged against the appellees, or either of them.

As no bill of exceptions was filed, no question arises as to the action of the court in striking out the appellant's cross-complaint as to Phillips.    *State, ex rel.,* v. *Krug,* 82 Ind. 58 ; *Rhine* v. *Morris,* 96 Ind. 81 ; *Stanton* v. *State, ex rel.,* 74 Ind. 503.

There is no error in the record.

Judgment affirmed.

McBRIDE, J., took no part in the decision of this cause.

Filed April 25, 1891.