No. 557.

### ELLIOTT ET AL. v. THE STONE CITY BANK.

LANDLORD AND TENANT.—*Tenancy from Year to Year.*—*Notice to Terminate.*—*How Long Must be Given.*—Where, in an action against a tenant for possession, the evidence showed that there was no written lease, but a general tenancy, the rent being payable monthly at a stipulated sum, it was a tenancy from year to year, and a three months' notice "given prior to the expiration of the year,".was necessary for its termination. Sections 5208–9, R. S. 1881.

PRACTICE.—*Paragraphs of Answer Stricken Out.*— *When not in the Record.*— Where paragraphs of answer are stricken out, and the same are not brought back into the record by bill of exceptions or order of court, though they are copied in the transcript, they can not be regarded as in the record.

From the Lawrence Circuit Court.

*J. Giles,* for appellants.

*M. F. Dunn,* for appellee.

BLACK, J.—The appellee sued the appellants, and recovered judgment for the possession of certain real estate in the city of Bedford, with damages for the detention thereof after the alleged termination, by notice to quit, of the tenancy of the appellants.

The court, upon the appellee's motion, struck out certain paragraphs of answer, leaving in the record the general denial as the only answer.

The statute (R. S. 1881, section 5225) directs the character of the complaint in such an action. The proceedings subsequent to the complaint, though the action be commenced in the circuit court, may be as in civil cases before justices, in which all matters of defence, except the statute of limitations, set-off and matter in abatement, may be given in evidence without plea. Sections 1460, 5229, R. S. 1881; *Poffenberger* v. *Blackstone,* 57 Ind. 288.

The answers struck out were not brought back into the record by bill of exceptions or order of court; therefore,

though they are copied in the transcript, they can not be regarded as in the record. *State, ex rel.,* v. *Krug,* 82 Ind. 58; *McDonald* v. *Geisendorff,* 128 Ind. 153.

A motion for a new trial made by the appellants was overruled.

The evidence showed that the property in question was conveyed to the appellee while in the possession of the appellants as tenants of the appellee's grantor, on the 16th of February, 1891.

The notice to quit was dated February 18th, 1891, and by its terms it was a notice to the appellants to yield up to the appellee possession of the premises on or before April 1st, 1891, and that the "lease and rental," under which the appellants claimed to hold, would expire on March 31st, 1891. There was no proof of the service of the notice. It seems to have been treated on the trial by all parties as a month's notice to quit, and no reference to the failure to prove service has been made by counsel in this court.

Joseph A. Heitger was shown to have been the agent of the appellee's grantor, and to have rented the property for said grantor, and to have collected the rents. He was a witness for the appellee, and testified that the appellants had occupied the property for some two or three years; that he never had any specific contract with them, but that they paid rent at fifteen dollars a month, and paid at the end of each month, generally; that in December, 1889, he told Elliott, one of the appellants, that he, said agent, would raise the rent from fifteen to eighteen dollars a month, beginning on the 1st of January, 1890; that he raised it to eighteen dollars, payable monthly, and so told Elliott; that he always paid it monthly, except when the agent granted an extension; that in December, 1889, he said to Elliott, " You had better let me lease the building to you for three years;" that Elliott said, " Let it go as it has been going on;" that after January 1st, 1890, the appellants continued to pay rent at eighteen dollars per month; that he did not say to Elliott that

he could have it for three years at eighteen dollars a month, but did ask him if they would take it at that rate ; that there was no time for them to give up the property ; that it was like a general tenancy ; that they could have it for ten years if they had wanted it; that there was no special time to pay rent ; that sometimes it was paid on the first of the month, and sometimes it went over to some other time.

Whatever the character of the tenancy indicated by this evidence, there was nothing in the other evidence of the appellee tending to show a tenancy of any other character. They introduced other evidence tending to show that there was no lease for three years, and no contract for a tenancy for any definite period.

The appellants introduced two receipts for rent paid by them to said agent, one dated July 1st, 1890, for $75, on rents commencing January 1st, 1890, and one dated August 4th, 1890, for $51, in full for rent to August 1st, 1890. They introduced evidence tending to show the offer by said agent, and the acceptance by the appellants of a proposition to lease the property to the appellants for three years from the 1st of January, 1890.

None of the evidence showed that the appellants were at any time tenants holding over after the expiration of a tenancy for a definite period. The court trying the cause did not conclude from the evidence that they were holding under a parol lease for three years, commencing January 1st, 1890. There was but one other kind of tenancy indicated by the evidence, and this the court treated as a tenancy from month to month.

The evidence of the appellee tended to show a general tenancy, a general letting without any limitation of time, the rent payable monthly, at a certain rate per month.

This was a tenancy from year to year, and could not be terminated by notice for a period less than three months. Sections 5208, 5209, R. S. 1881 ; *Ridgely* v. *Stilwell*, 25 Mo. 570 ; *Laughran* v. *Smith*, 75 N. Y. 205 ; *Rothschild* v. *Will-*

*iamson,* 83 Ind. 387 ; *Ross* v. *Schneider,* 30 Ind. 423 ; *Swan* v. *Clark,* 80 Ind. 57 ; *Coomler* v. *Hefner,* 86 Ind. 108.

The evidence was not sufficient to sustain the finding.   In view of this conclusion, it does not seem to be necessary to notice other matters discussed by counsel.

The judgment is reversed, and the cause is remanded, with instruction to sustain the motion for a new trial.

Filed March 3, 1892.