Smith v. Pinnell.

Filed November 8, 1895; petition for rehearing overruled January 24, 1896.

---

No. 17,387.

## SMITH v. PINNELL.

HARMLESS ERROR.—*Sustaining Demurrer to Paragraph of Answer.*— *Appellate Procedure.*—Sustaining a demurrer to a paragraph of an answer which set up as a defense to a complaint by a landlord against his tenant for unlawfully holding over, matters which, under sections 7106–7107, R. S. 1894, might be shown under a general denial, is harmless error where such a denial has been set up in another paragraph, although the paragraphs demurred to state facts sufficient to constitute an answer.

SAME.—*Sustaining Demurrer to Affirmative Paragraphs of Answer.*— *Same Facts Provable Under General Denial.*—*Subsequent Withdrawal of General Denial.*—The sustaining of demurrers to paragraphs of an answer setting up matters in confession and avoidance of the matters alleged in a complaint for the recovery of possession of real estate is harmless error, although they state facts sufficient to constitute a defense, where by another paragraph a general denial is pleaded under which the matter set up in the other paragraphs may be shown; and the subsequent withdrawal of the general denial does not render the ruling harmful.

From the Hendricks Circuit Court.

*Wills, Stokes & Dutch*, for appellant.

*Hogate & Clark*, for appellee.

McCabe, C. J.—The appellee sued the appellant in the Boone Circuit Court to recover possession of certain real estate described in the complaint as situate in Boone county. The venue was changed to the Hendricks Circuit Court. The complaint was in two paragraphs, the first being in the ordinary form to recover possession of real estate, and the other was in form an action by a landlord against his tenant for unlawfully holding over.

The appellant answered in three paragraphs, the first and second of which were addressed to the first paragraph of the complaint, and the third was addressed to the second paragraph of the complaint. The first paragraph of the answer was a general denial, the second and third were in confession and avoidance. The circuit court sustained a demurrer to the second and third paragraphs of the answer, for want of sufficient facts. The appellant then filed a third paragraph of answer to the second paragraph of the complaint in confession and avoidance. The circuit court sustained a demurrer to this paragraph for want of facts sufficient. Thereafter the appellant withdrew his answer of general denial, and refusing to plead further, appellee had judgment upon demurrer. The assignment of errors calls in question the rulings upon the demurrers.

The first paragraph of the complaint being for the recovery of possession of real estate, all defenses both legal and equitable were admissible under the general denial. R. S. 1894, section 1067; R. S. 1881, section 1055. Therefore, when the demurrers were sustained to the second and third paragraphs of answer to the first paragraphs of the complaint, even though said affirmative paragraphs stated facts sufficient to constitute a defense to the first paragraph of the complaint, nevertheless sustaining demurrers to them was a harm-

less error, because the matters stated in them if good were admissible in evidence under the general denial and the subsequent withdrawal of the answer of the general denial could not operate to make the ruling that was harmless when made, a harmful or material error. *Reeder* v. *Maranda,* 66 Ind. 485; *Kidwell* v. *Kidwell,* 84 Ind. 224; *Cincinnati, etc., R. W. Co.* v. *Smith,* 127 Ind. 461. Therefore there was no available error in sustaining the demurrer to the second and third paragraphs of answer to the first paragraph of the complaint, regardless of their sufficiency in the abstract.

The other paragraph erroneously numbered third being addressed to the second paragraph of the complaint demands consideration. That paragraph of the complaint, as before observed, was a complaint by a landlord against his tenant for unlawfully holding over. Such an action as to the question of pleading and evidence is governed by the same principle though under a different statutory provision. R. S. 1894, sections 7106, 7107; R. S. 1881, sections 5225, 5226.

Under these provisions it has been held that all defenses except the statute of limitations and matter in abatement may be given in evidence without plea in an action by a landlord against a tenant for unlawfully holding over. *Poffenbarger* v. *Blackstone,* 57 Ind. 288. The defense set up in the answer in question did not embrace either of the matters excepted. It was also held in that case that sustaining a demurrer to special answers in such a case is a harmless error even though such answers stated facts sufficient to constitute a defense, because such facts might have been given in evidence without an answer. The same is true here. Though the answer stated facts sufficient to constitute a defense to the second paragraph of the complaint, sustaining a demurrer thereto was a harmless error in this

case because those facts if good and sufficient could have been given in evidence without any answer. *Poffenbarger* v. *Blackstone, supra; Elliott* v. *Stone City Bank*, 4 Ind. App. 155. We need not and do not intimate any opinion as to whether the facts stated in any of the affirmative answers in this case were sufficient to constitute a defense.

There being no available error the judgment is affirmed.

Filed May 15, 1895 ; petition for rehearing overruled January 24, 1896.