## GRACE, ET AL *v.* COX ET AL.

[No· 2,076.   Filed October 2, 1896.]

TRESPASS.—*Venue.*—An action of trespass for an injury to real estate must be brought in the county where the real estate is situated.
APPEAL.—*Pleading.*—*Answer.*— *Demurrer.*—An order overruling a demurrer to a bad answer will not be disturbed on appeal where the complaint is also bad.

From the Whitley Circuit Court. *Affirmed.*

*Benjamin Ninde, S. F. Swayne, J. S. Collins* and *B. E. Gates,* for appellants.

*T. R. Marshall, W. F. McNagny* and *P. H. Clugston,* for appellees.

DAVIS, C. J.—This action was instituted by appellants against appellees in Whitley county to recover damages for injuries by way of trespass to real estate in Allen county.

The only errors assigned seek to bring in review the action of the trial court in overruling the demurrer of appellants' to appellees' answers.

It is well settled that an action of trespass for an

injury to real estate must be brought in the county where the real estate is situated. *Keaton* v. *Snider*, 14 Ind. App. 66; *Kinser* v. *Dewitt*, 7 Ind. App. 597; *DeBreuil* v. *Pennsylvania Co.*, 130 Ind. 137.

The complaint was bad and the demurrer filed thereto by appellees on the ground that the Whitley Circuit Court had no jurisdiction of the subject matter of the action should have been sustained. Whether the answer was good or bad is immaterial because a bad answer is good enough for a bad complaint and the demurrer to the answer should have been carried back and sustained to the complaint. *McDonald* v. *Geisendorff*, 128 Ind. 153; *Indiana Live Stock Ins. Co.* v. *Bogeman*, 4 Ind. App. 237; *Gould* v. *Steyer*, 75 Ind. 50.

It is true that where a defendant's answer is held good on demurrer he cannot successfully urge on appeal, as a cause for reversal, that the court erred in not carrying the demurrer back to the complaint. *Gilbert* v. *Bakes*, 106 Ind. 558. Where, however, the plaintiff appeals and urges as a reason for reversal that the court erred in overruling his demurrer to the answer, the defendant has a right to show if he can that such ruling is not cause for reversal, because of the insufficiency of the complaint.

Judgment affirmed.