Kelley v. City of Marion.

KELLEY v. CITY OF MARION.

[No. 20,115.   Filed October 27, 1903.]

ESTATES.—*Fee in Street.—Easement.—Injunction.—Pleading.*—A complaint to enjoin the construction of a driveway by a city in such manner that it curved eighteen inches to the west in front of plaintiff's property, based upon plaintiff's ownership of the fee to the center of the street in front of his lot, must allege such ownership.

From Howard Superior Court; *H. J. Paulus*, Judge.

Action by Francis Kelley against the city of Marion. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*W. S. Marshall*, for appellant.
*G. A. Henry*, for appellee.

MONKS, C. J.—In the improvement of one of its streets appellee was constructing a driveway across a sidewalk to a lot east of and adjoining a lot owned by appellant in such a manner that it curved eighteen inches to the west in front of appellant's lot in crossing said sidewalk. Appellant brought this action against appellee to enjoin the construction of any portion of said driveway in front of his lot and for damages. Appellee's demurrer for want of facts was sustained to the complaint, and, appellant refusing to plead further, judgment was rendered against him on demurrer.

It is insisted by appellant that the construction of any part of said driveway in front of his lot was in violation

of §21, of article 1, of the Constitution of this State.   This action does not relate to any impairment of the right of ingress or egress, but to such rights only as depend, according to appellant's theory, upon his ownership of the fee to the center of the street in front of his lot.   The complaint does not allege that the part of the real estate in front of his lot over which the driveway was being constructed was owned by appellant in fee, and upon appellant's theory it was for that reason not sufficient to withstand a demurrer for want of facts, under the rule declared in *Erwin* v. *Central Union Tel. Co.,* 148 Ind. 365; *Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101.

As the complaint was insufficient for this reason, we will not, under the well-settled rules, pass upon the constitutional question urged by appellant.   *State, ex rel.,* v. *Reardon, ante,* 249, and cases cited.

Judgment affirmed.