## MITCHELL *v.* CITY OF PERU ET AL.

[No. 20,333.    Filed May 24, 1904.]

MUNICIPAL CORPORATIONS.— *Widening Sidewalks.—Complaint by Property Owner for Injunction.—Sufficiency.*—Where a city, by resolution, permits property owners to widen their lawns, thereby reducing the width of the street, and a complainant for an injunction shows in his complaint that he is not the owner of any property situate within the half block in which the defendant citizens are threatening to widen such lawns, and fails to show that such widening injures his ingress or egress or other enjoyment of his property, or that the widening of the lawn will injure the roadway or be an obstruction, or that the public would

suffer thereby, such complaint is fatally defective, even though it shows that complainant will have to widen his lawn at great expense. *pp. 19, 20.*

PLEADING.—*Demurrer to Answer Carried Back to Complaint.*—Where the complaint is fatally defective, a demurrer to the answer will be carried back and sustained to the complaint. *p. 20.*

From the Miami Circuit Court; *J. T. Cox,* Judge.

Action by John Mitchell against the City of Peru and others for an injunction. From a decree denying the injunction, the plaintiff appeals. Transferred from the Appellate Court under § 1337u Burns 1901. *Affirmed.*

*John Mitchell, N. N. Antrim* and *W. B. McClintic,* for appellant.

*W. C. Bailey* and *C. A. Cole,* for appellees.

HADLEY, J.—Fifth, an east and west street in the city of Peru, was, fifty years ago, laid out and opened seventy feet wide from property line to property line, and the sidewalks and grades established, the walks being ten feet wide from property line to curb, and the gutters four feet, with bottom at two feet from curb line. In 1895, in response to a petition of citizens, the city council adopted a resolution authorizing property owners on all streets from seventy to one hundred feet in width, who might desire to do so, to widen the sidewalk by setting out the curb to the center of the gutter. The appellees, except the city, the mayor, and the contractor, own all the abutting lots on the south side of Fifth street, between Huntington, a north and south street, and the first alley east. Appellant owns eighty-eight front feet on the same side of the street, but it lies 110 feet east of the alley. He also owns 100 front feet on the north side of Fifth street and east of the alley. He owns no abutting property on either side of Fifth street between Huntington street and the first alley east. The improved part of the sidewalk is next to the property line, leaving a strip between it and the curb for a lawn and shade trees. Said appellees, desiring to widen the lawn

between the improved walk and the curb in front of their property for the better support of the shade trees, under the general authority conferred by the above mentioned resolution of the council, applied to the city engineer to set the stakes in conformity to the established grade and along the outer line of the gutter. The stakes were so set by the engineer, and appellees thereupon began the construction of a cement curb and gutter, thus widening the walk, including lawn, from ten to fourteen feet. At this point appellant brought this suit to enjoin appellees from making any change in the width of said sidewalk and from interfering with the gutter. A temporary restraining order was granted. Appellees appeared and filed a general denial and one affirmative paragraph of answer. Appellant's demurrer to the answer was overruled, and electing to stand by his demurrer, judgment was rendered against him for costs, and the restraining order dissolved.

The only error assigned in this court is the overruling of the demurrer to the answer.

It is not necessary, however, for us to carry our investigation beyond the complaint, for it is so manifestly bad that the quality of the answer becomes immaterial. A plaintiff must make it very plain that he is entitled to summary relief before a court of equity will interpose by injunction. This has not been done. It is the walk on the south side of the half block on Fifth street, which lies between Huntington street and the first alley east, that appellees are endeavoring to widen, and appellant wholly fails to allege, or show in his complaint, an interest in any property abutting on Fifth street within said half block. He avers ownership of property further east on the same street, and on both sides thereof, but it is not shown that the widening of the walk in front of appellees' premises will in any way affect the ingress or egress, or other enjoyment of appellant's property in another part of the street. It is averred that appellees are proceeding without

lawful authority, and with the intention, by extending the walk on one part of the street, to force plaintiff—without first assessing his damages—and others on said street to widen their walk to the width of fourteen feet, thereby causing the plaintiff great expense, trouble, and annoyance that can not be recompensed in damages. He does not even claim that the extension of the walk will be an injurious encroachment upon the roadway of the street, or that it will be in any sense an obstruction, or that the public will suffer damages or inconvenience therefrom. The sum total of his complaint is that if appellees are permitted to widen the walk in front of their properties, such change would force him and others, at great expense, to widen the same in front of theirs in order to preserve the harmony and good appearance of the street, and in so doing the curb he now has erected in front of his premises would be broken and rendered valueless. No actionable injury or damages is averred, and, even if there were, the plaintiff could not maintain injunction against the invasion of a right which he shows he holds in common with other residents of the street and public. *Landes* v. *Walls* (1903), 160 Ind. 216, and cases cited on page 222. And see *Kelley* v. *City of Marion* (1903), 161 Ind. 322. A bad answer is good enough for a bad complaint. *State, ex rel.,* v. *Emmons* (1882), 88 Ind. 279; *Johnson* v. *Board, etc.* (1886), 107 Ind. 15, 32; *State, ex rel.,* v. *Board, etc.* (1890), 125 Ind. 247, 253.

Judgment affirmed.