## VANDALIA RAILROAD COMPANY *v.* THE RAILROAD COMMISSION OF INDIANA.

[No. 22,272. Filed March 13, 1913. Rehearing denied November 11, 1914.]

1. CONSTITUTIONAL LAW.—*Governmental Powers.*—*State and Federal Governments.*—*Regulation of Commerce.*—The power to regulate commerce among the states conferred on Congress under Art. 1, §8 of the Federal Constitution relates to interstate commerce, and since all powers not delegated to the Federal government by the Constitution are reserved to the states, the latter have full power over such commerce as does not assume

the character of interstate commerce and may legislate respecting the regulation of same as they may deem expedient or politic. p. 386.

2. COMMERCE.—*Interstate Commerce.—Power of State.—Headlights.—Regulation.*—The legislature has authority to provide for the regulation of headlights on locomotives, in the interest of the lives and property of travelers, and, in view of the fact that there is no congressional legislation on the subject, the act of March 6, 1909 (Acts 1909 p. 323, §5533f Burns 1914), providing for such regulation is a valid exercise of such authority, even though its enforcement affects locomotives used in interstate commerce.  p. 387.

3. CONSTITUTIONAL LAW.—*Legislative Power.—Delegation.—Conditional Legislation.—Statutes.*—The act of March 6, 1909 (Acts 1909 p. 323, §5533f Burns 1914), authorizing the State railroad commission to investigate the efficiency of headlights used on locomotives, and, when necessary, to order the installation of effective headlights, is not a delegation of legislative power in violation of Art. 4, §1 of the State Constitution, nor does it violate Art. 1, §25 thereof, prohibiting legislation the taking effect of which shall be dependent upon any authority except as provided in the Constitution.  pp. 390, 392.

4. STATUTES.—*Validity.—Title.—Subject of Act.*—The title to the act of March 6, 1909 (Acts 1909 p. 323, §5533f Burns 1914), authorizing the State railroad commission to investigate the efficiency of headlights used on locomotives, and, when necessary, to order the installation of effective headlights, is sufficient to cover the purview of the act, and hence the act is not invalid as being in conflict with Art. 4, §19 of the State Constitution.  pp. 390, 392.

5. STATUTES.—*Enactment.—Title.*—It is not essential to a good title that the subject of the act shall be expressed in exact terms, but it is sufficient if the subject is fairly deducible from the language employed; the test being whether the body of the act embraces more than one general subject, and such matters as are calculated to assist in reaching the single object intended, and whether that subject is disclosed by the title.  p. 391.

6. CONSTITUTIONAL LAW.—*Due Process of Law.—Regulation of Railroads.*—The act of March 6, 1909 (Acts 1909 p. 323, §5533f Burns 1914), concerning the regulation of headlights on locomotives, is supplemental to the railroad commission act of 1905 (Acts 1905 p. 83), in which provision is made for the method to be pursued by railroad companies dissatisfied with an order of the commission, and for the enforcement of the orders of the commission, by appropriate proceedings in a court of competent jurisdiction; hence an order requiring a railroad com-

pany to install efficient headlights, made after notice to the company, and a hearing had, covering several months, can not be said to have been made without due process of law, as required by the 14th amendment to the Federal Constitution. p. 392.

7.  CONSTITUTIONAL LAW.—*Police Power.*—*Due Process of Law.*— *Locomotive Headlights.*—The act of March 6, 1909 (Acts 1909 p. 323, §5533f Burns 1914), concerning the regulation of headlights on locomotives, is a proper exercise of the police power of the State; hence the fact that an order of the railroad commission pursuant thereto would necessitate some expenditure by the railroad company against whom it was issued would render neither the act nor the order void as depriving the company of its property without due process of law. p. 392.

8.  RAILROADS.—*Regulation.*—*Headlights.*—*Railroad Commission.*— *Order.*—*Certainty.*—In an action to enjoin the enforcement of an order of the railroad commission requiring railroad companies to equip all their locomotives, except those used in switching, with headlights of not less than 1,500 candle-power, the allegation of the complaint, that compliance therewith would cost plaintiff more than $100 per engine, indicated that plaintiff was fully advised as to what would be required of it, and in view of such allegation, and especially in view of the fact that "candle-power" has a usual and ordinary meaning that may be ascertained upon inquiry, plaintiff's contention that the order was indefinite or uncertain could not prevail. p. 393.

9.  APPEAL.—*Review.*—*Ruling on Demurrer.*—Error, if any, in overruling a demurrer to an answer is harmless, where the complaint did not state sufficient facts, since the rule, that a bad answer is good enough for a bad complaint, is applicable. p. 394.

From Superior Court of Marion County (80,171); *Vinson Carter,* Judge.

Action by the Vandalia Railroad Company against The Railroad Commission of Indiana. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Samuel O. Pickens, Owen Pickens* and *John G. Williams,* for appellant.

*Frank S. Roby, Ward H. Watson, Elias D. Salsbury* and *Sol H. Esarey,* for appellee.

ERWIN, J.—This was an action on the part of the appellant against the appellee, commenced in the Superior Court

of Marion County, February 4, 1910, to set aside and to enjoin the enforcement and the collection of penalties for failure to comply with an order of the Railroad Commission of Indiana, made in pursuance of the act of the General Assembly of the State of Indiana, approved March 6, 1909 (Acts 1909 p. 323, §5533f Burns 1914), requiring appellant and other railroad companies operating lines of railroad in Indiana to equip all their locomotive engines, except engines used in switching, with headlights of not less than 1,500 candle-power, and naming a day that such appliances should be installed.

The complaint was in two paragraphs, and alleged among other averments of the complaint, that the act of the General Assembly, which authorizes the railroad commission to make and enforce the order to install and maintain a headlight on locomotives of railroad trains, running over lines in the State of Indiana contravenes the Constitution of the United States and the Constitution of the State of Indiana, and is therefore void. The appellee answered this complaint in one paragraph in which it recites the correspondence between the railroad commission and appellant in relation to the order of which appellant complained. The demurrer to the amended answer to the first and second paragraphs of amended complaint was overruled by the court, and appellant refusing to plead further, judgment was rendered against the appellant that it take nothing by its suit, and that appellee recover of appellant its costs, from which finding and judgment appellant appeals to this court.

The assignment of errors presents the following questions: (1) The overruling of appellant's demurrer to the amended answer to the first paragraph of the second amended complaint. (2) The overruling of appellant's demurrer to the amended answer to the second paragraph of the second amended complaint.

Appellant contends, (1) that the act of March 6, 1909,

*supra,* authorizing the Indiana railroad commission to investigate and determine as to the efficiency of headlights now in use on locomotive engines, on the railroads of Indiana, and to prescribe efficient and practical headlights, and to make and enforce orders with reference thereto is void, because it violates the commerce clause of the Federal Constitution, in that it purports to give the railroad commission power over a subject—regulation of the equipment of instruments used by interstate railroads in conducting interstate commerce—and contends that it is solely within the power of Congress, by the commerce clause of the Constitution of the United States and that, if the subject is not within the exclusive power of Congress, but is one concerning which the State may legislate in the absence of legislation by Congress, nevertheless the act is void, because it is superseded and rendered inoperative by acts of Congress covering the subject; (2) that the act in question is void for the reason that it purports to authorize the railroad commission, without notice and opportunity to be heard, to make and enforce orders against appellant, compliance with which would entail upon appellant great costs, and thereby deprive appellant of its property without due process of law, and deny to it the equal protection of the law, in violation of the 14th amendment of the Constitution of the United States, and in violation of the Constitution of the State of Indiana; (3) that the act is void because it delegates legislative power to the railroad commission in violation of §1 of Art. 4 of the State Constitution; (4) and that it makes its operation to depend upon the will of the railroad commission, and is in conflict with §1, Art. 25, of the Constitution.

The Constitution of the United States confers power on Congress, "To regulate commerce with foreign nations and among the several states and with the Indian tribes."

1.    Art. 1, §8, Constitution of United States.    Under this provision Congress derives its power to regulate inter-

state commerce. All powers not delegated to the Federal government by the Constitution are reserved to the states, and the states have full power over commerce which does not assume the character of interstate commerce, and may pass such laws regulating commerce within the states as they may deem expedient or politic. *Luken* v. *Lake Shore, etc., R. Co.* (1911), 248 Ill. 377, 94 N. E. 175, 140 Am. St. 220, 21 Ann. Cas. 82; *People* v. *Chicago, etc., R. Co.* (1906), 223 Ill. 581, 79 N. E. 144, 7 Ann. Cas. 1; *People* v. *Erie R. Co.* (1910), 198 N. Y. 369, 91 N. E. 849, 29 L. R. A. (N. S.) 240, 139 Am. St. 828, 19 Ann. Cas. 811; *Detroit, etc., R. Co.* v. *State* (1910), 82 Ohio St. 60, 91 N. E. 869, 137 Am. St. 758; *Missouri Pac. R. Co.* v. *State* (1910), 216 U. S. 262, 30 Sup. Ct. 330, 54 L. Ed. 472; *Missiouri, etc., R. Co.* v. *Haber* (1898), 169 U. S. 613, 18 Sup. Ct. 488, 42 L. Ed. 878; *Reid v. Colorado* (1902), 187 U. S. 137, 23 Sup. Ct. 92, 47 L. Ed. 108; 2 Elliott, Railroads 690; 4 Elliott, Railroads 1671. The adjudications on this subject by the Supreme Court of the United States with respect to the power of the state over the general subject of commerce are divisible into three clauses, viz., (1) Those in which the power of the state is exclusive. (2) Those in which the state may act in the absence of legislation by Congress. (3) Those in which the action of Congress is exclusive and the state can not interfere at all. *Western Union Tel. Co.* v. *James* (1896), 162 U. S. 650, 16 Sup. Ct. 934, 40 L. Ed. 1105.

We are of the opinion that this act of the legislature holds good under the second clause, *supra,* because the railroad commission is the agent to carry out the wishes of the legislature; and the legislature in passing the act of March 6, 1909, *supra,* intended that the railroad commission should investigate the use of headlights, and if found necessary to order, and enforce the order, that better and safer headlights be put into use, not only to protect the lives of travelers upon one train, but to protect the lives and prop-

erty of travelers on any other train, running over the same road, and as there is no legislation by Congess regulating headlights this act is authorized until an act of Congress displaces or suspends its operation. The Supreme Court of the United States in numerous decisions has said that a statute enacted by the state, by virtue of its police power, is not inconsistent with an act of Congress, unless the conflict is so direct and positive that the two acts can not stand together. *Savage* v. *Jones* (1911), 225 U. S. 501, 32 Sup. Ct. 715, 56 L. Ed. 1182, and cases cited. The last case involved the constitutionality of an act of the General Assembly of the State of Indiana, §§7939-7949 Burns 1914, Acts 1907 p. 354, Chap. 206. This same tribunal has declared that where there has been no direct legislation upon the precise subject-matter, that it is to be regarded as equivalent to a declaration by Congress that, until it sees proper to legislate thereon, the matter may be regulated by the state. *County of Mobile* v. *Kimball* (1880), 102 U. S. 691, 698, 26 L. Ed. 238; *Pittsburgh, etc., R. Co.* v. *State* (1909), 172 Ind. 147, 165, 87 N. E. 1034; *Pittsburgh, etc., R. Co.* v. *State* (1911), 223 U. S. 713, 32 Sup. Ct. 520, 56 L. Ed. 626; *Chicago, etc., R. Co.* v. *State* (1910), 219 U. S. 453, 461, 31 Sup. Ct. 275, 55 L. Ed. 290; *Chicago, etc., R. Co.* v. *State* (1908), 86 Ark. 412, 11 S. W. 456; *Mondou* v. *New York, etc., R. Co.* (1911), 223 U. S. 1, 54, 55, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; *Missouri Pac. R. Co.* v. *Larbee Flour Mill Co.* (1908), 211 U. S. 612, 623, 29 Sup. Ct. 214, 53 L. Ed. 352. The decisions of our State are all to the same effect. *Southern R. Co.* v. *Railroad Com., etc.* (1913), 179 Ind. 23, 100 N. E. 337; *Pittsburgh, etc., R. Co.* v. *Hartford City* (1908), 170 Ind. 674, 679, 82 N. E. 787, 85 N. E. 362, 20 L. R. A. (N. S.) 461; *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340, Ann. Cas. 1914 D 1284, and cases cited. There being no legislation by Congress relating to headlights on locomotives, this statute is within the power of the State to enact.

In the case of *Atlantic Coast Line R. Co.* v. *State* (1910),
135 Ga. 545, 69 S. E. 725, 32 L. R. A. (N. S.) 20, the court
holds an act of the Georgia legislature, which provides that
railroad companies are required to equip and maintain head-
lights on locomotives used by such companies on their main
lines after dark, which shall consume not less than 300 watts
at the arc, with a reflector of not less than twenty-three
inches in diameter and to keep it in good condition and
providing a penalty for its violation, does not violate the
due process clauses of the state and Federal Constitutions,
because its enforcement will require a loss of property to
the defendant in doing away with the headlight now in use,
and cause the defendant to incur expense in equipping its
locomotives with headlights required by this act. The act
was passed in the legitimate exercise of the police power of
the state, and is not void on the ground that its requirements
are unreasonable. Statutes regulating other closely related
subjects have been under discussion however, and seem to
establish as fundamental propositions, that state legislation
does not necessarily regulate interstate commerce because
incidentally or remotely affecting it; or in other words, state
legislation is not deemed a regulation, strictly speaking,
simply because it may to some extent, or under some cir-
cumstances, affect such commerce; that the state may, in the
reasonable exercise of its police power, impose burdens upon
interstate commerce, which occasion both inconvenience and
hardship to the railroads, providing Congress has not di-
rectly regulated the same subject; but that when Congress
has acted with reference to a particular subject, its statutes
displace, or at least, suspend all state regulation touching
the matter; and finally, that laws not so unreasonable as to
be declared arbitrary, passed under the police power of the
state which regulate the equipment of railroad rolling
stock with reference to the safety of employes and passen-
gers, are not regulations of interstate commerce, in the ob-
jectional sense of the Constitution. *Atlantic Coast Line R.*

*Co.* v. *State, supra.* See other cases to the same effect: *Chicago, etc., R. Co.* v. *Solan* (1897), 169 U. S. 133, 18 Sup. Ct. 289, 42 L. Ed. 688; *Richmond, etc., R. Co.* v. *R. A. Patterson Tob. Co.* (1897), 169 U. S. 311, 18 Sup. Ct. 335, 42 L. Ed. 759; *Missouri, etc. R. Co.* v. *Haber, supra; Lake Shore, etc., R. Co.* v. *State* (1898), 173 U. S. 285, 19 Sup. Ct. 465, 43 L. Ed. 702; *Cleveland, etc., R. Co.* v. *State* (1899), 177 U. S. 514, 20 Sup. Ct. 722, 44 L. Ed. 868; *Chicago, etc., R. Co.* v. *State* (1910), 219 U. S. 453, 31 Sup. Ct. 275, 55 L. Ed. 290.

The appellant presents the further question by its brief, that the act in question delegates legislative powers to the railroad commission in violation of §1, Art. 4 of the State Constitution, and makes the taking effect of the law to depend on the order of the railroad commission in violation of §25, Art. 1, of the State Constitution and is therefore void. The decisions of this court and the courts of other states, in this regard are clearly against appellant's contention. *McPherson* v. *State* (1910), 174 Ind. 60, 73, 90 N. E. 610; 31 L. R. A. (N. S.) 188, and cases cited; *Isenhour* v. *State* (1901), 157 Ind. 517, 62 N. E. 40, 87 Am. St. 228; *Pittsburgh, etc., R. Co.* v. *State* (1909), 172 Ind. 147, 87 N. E. 1034; *Detroit, etc., R. Co.* v. *State, supra; Wabash R. Co.* v. *Railroad Com., etc.* (1911), 176 Ind. 428, 95 N. E. 673.

It is the contention that the title of the act in question is not sufficient, that it does not contain the subject of the act. The title of the act in question reads as follows: 4. "An Act giving the railroad commission of Indiana specific powers to investigate and determine as to the efficiency of headlights now in use on locomotive engines on the railroads in Indiana, and to prescribe efficient and practical headlights now in use on locomotive engines on the railroads in Indiana, [sic] and to prescribe efficient and practical headlights and to make and enforce orders with reference thereto, and declaring an emergency". The sec-

tion of the act in question reads as follows: *"Be it enacted by the general assembly of the State of Indiana,* That in addition to the powers heretofore granted to the railroad commission of Indiana that said commission be, and it is hereby specifically empowered, authorized and directed, as soon as practicable after the passage of this act, to investigate the condition and efficiency of headlights now in use on locomotive engines on the railroads in this state, and if found to be inadequate for the protection of persons and property, or any other purpose, to investigate and determine what would be the most practicable and efficient headlight for all purposes, and when the commission shall have so determined, to make and enforce against the railroad companies such order or orders as may be found to be necessary to require the equipment and installation of such headlights on the locomotives on the railroads in this state, and to this end said commission is given power in such investigation to examine the various kinds of lights that may be suitable for locomotive headlights, and appliances therefor, to consult experts in such matters as to require the attendance of witnesses and the production of papers, documents, and appliances." An emergency is declared. Acts 1909 p. 323, §5533f Burns 1914.

It is not essential to a good title that the subject of the act shall be expressed in exact terms; it is sufficient if the subject is fairly deducible from the language employed. The proper test in all questions of this sort is Does the body of the particular legislation embrace more than one general subject, and such matters as are calculated to assist in reaching the single object intended, and is that subject disclosed by the title? If thus tested, and it appears that an act embraces but one subject and matters properly connected therewith; and that that subject is shown by the title, it must be held constitutional, otherwise not. *Isenhour* v. *State, supra; Gustavel* v. *State* (1899), 153 Ind. 613, 54 N. E. 123; *Central Union Tel. Co.*

v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64; *State* v. *Gerhardt* (1896), 145 Ind. 439, 458, 44 N. E. 469, 33 L. R. A. 313; *Henderson* v. *State, ex rel.* (1894), 137 Ind. 552, 558, 36 N. E. 257, 24 L. R. A. 469; *Booth* v. *State* (1913), 179 Ind. 405, 100 N. E. 563. Does the act violate §25, Art. 1

3. of the Constitution, providing that no law shall be passed the taking effect of which shall be made to depend upon any authority except as provided in the Constitution. The decisions of this State are decisive of the question adverse to appellant's contention. *Isenhour* v. *State, supra; Booth* v. *State, supra.* The title is suf-

4. ficient to cover the purview of the act and is not in conflict with §19, Art. 4 of the Constitution of the State; the title relates to headlights on engines and the act itself relates only to this one subject.

It is contended by the appellant that the order made is in conflict with the 14th amendment of the Constitution of the United States and that it is without due process

6. of law. The act in question is supplemental to the railroad commission act of 1905 in which provision is made for the method to be pursued by railroad companies dissatisfied with an order of the commission, and by which the orders of the railroad commission are enforced—"by appropriate actions at law or suits in equity instituted and prosecuted in some court, of competent jurisdiction"—and gives appellant its day in court. §§5533, 5536, 5541, 5548, 5550 Burns 1908, Acts 1905 p. 83, Acts 1907 p. 454; *New York, etc., R. Co.* v. *State* (1896), 165 U. S. 628, 633, 634, 17 Sup. Ct. 418, 41 L. Ed. 853. The order of the commission was made after notice to the company and hearing had, covering several months, and it could not be said to be made "without due process of law," as required by the 14th amendment to the Constitution of the United States.

7. The fact that the appellant would be compelled to make changes in its locomotive headlights, and necessarily be to some expense in doing so, would not render the

act, nor the order made in pursuance thereof, illegal and void, for the reason that under the police power of the State, which has to do with the health, comfort, safety, happiness and welfare of its citizens, all property is subservient to the State. *Pittsburgh, etc., R. Co.* v. *Brown* (1879), 67 Ind. 45, 33 Am. Rep. 73; *State* v. *Richcreek* (1906), 167 Ind. 217, 77 N. E. 1085, 5 L. R. A. (N. S.) 874, 119 Am. St. 491, 10 Ann. Cas. 899; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7; *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 87 N. E. 229, 139 Am. St. 389; *Barrett* v. *State* (1911), 175 Ind. 112, 93 N. E. 543; *Booth* v. *State, supra.*

The railroad commission law of this State was intended by the legislature to vest in this commission the power to act for the legislature in all matters covered by said

8.   act, and is a salutary measure for the proper operation of the railroads of the State, and the "headlight" act of March 6, 1909, *supra,* is in further aid to this commission, each of which was intended, and was enacted on the supposition that the railroads operating in the State were willing to, and would, use all proper and available means in their power, to secure the safety of the public in general and their employes in particular. This law was so drafted that if any order should be made by the commission that was indefinite or uncertain in its terms, that upon proper application, the same could be changed, modified or altered to meet the inquiry submitted by the complaining company. §5537 Burns 1908, Acts 1907 p. 454, §7; *Chicago, etc., R. Co.* v. *Railroad Com., etc.* (1911), 175 Ind. 630, 95 N. E. 364. It is evident that the order is not open to the defect of being "uncertain" and "indefinite" as claimed by appellant for it avers in its petition "that the equipment of plaintiff's said locomotive engine with the headlight prescribed by said order will cost the plaintiff more than one hundred ($100) dollars per engine". This allegation it seems to us indicates that appellant was fully advised as to what was required of it. At least it is in no

position to complain until it has made an honest effort to comply with the order, with the best information at hand. *Chicago, etc., R. Co.* v. *City of Crawfordsville* (1905), 164 Ind. 70, 74, 72 N. E. 1025; *Booth* v. *State, supra.* "Candle-power" has a usual and ordinary meaning and can be ascertained upon due inquiry.

We are of the opinion that the complaint in this cause does not show a state of facts which would entitle the appellant to the relief sought, and hence the rule is 9. applicable that a bad answer is good enough for a bad complaint. *State* v. *Myers* (1885), 100 Ind. 487; *Ice* v. *Ball* (1885), 102 Ind. 42, 1 N. E. 66; *Alkire* v. *Alkire* (1893), 134 Ind. 350, 32 N. E. 571; *Grace* v. *Cox* (1896), 16 Ind. App. 150, 44 N. E. 813; *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 66 N. E. 694; *Tyler* v. *State, ex rel.* (1882), 83 Ind. 563; *State, ex rel.* v. *Porter* (1883), 89 Ind. 260; *Mitchell* v. *City of Peru* (1904), 163 Ind. 17, 71 N. E. 132.

There being no error in the record the judgment is affirmed.

NOTE.—Reported in 101 N. E. 85. For a discussion of state regulation of railroads as an interference with interstate commerce, see 7 Ann. Cas. 5, 13 Ann. Cas. 147. As to the sufficiency of the title of a statute, see 64 Am. St. 70. See, also, under (1) 7 Cyc. 422; (2) 7 Cyc. 446; (3) 8 Cyc. 834; (4) 36 Cyc. 1050; (5) 36 Cyc. 1028; (6, 7) 8 Cyc. 1116; (8) 33 Cyc. 50; (9) 31 Cyc. 358.