## CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY v. CITY OF CRAWFORDSVILLE.

[No. 20,303. Filed January 5, 1905.]

1. RAILROADS.—*Street Crossings.—Lights.*—It is no justification for a railroad company's refusal to maintain lights at a street crossing, as provided by municipal ordinance, to show that there is a device which can be attached to a railroad track in such a way that it will ignite a lamp at such crossing, which will continue to burn until the train passes, and which would furnish ample protection to travelers, and especially where such company has neither installed such device nor made a *bona fide* effort to do so. p. 73.

2. SAME.—*Street Crossings.—Lights.—Police Power.*—The act of 1893 (§5173 Burns 1901), giving cities power to determine what kind of lights shall be used by railroads at street crossings, and during what nights they shall be maintained, is a specific grant of the police power of the State, and it authorizes cities to require such lights all hours of the night or parts of the night, and such grant when in har-

mony with the Constitution can not be questioned by any other body as to its reasonableness.  p. 74.

3.  MUNICIPAL CORPORATIONS.—*Police Power.—Railroad Crossings.—* Where a municipal corporation maintains a system of electric lights, and by an ordinance it requires all railroad companies running trains through its limits to maintain electric lights, and further provides what nights they shall be kept burning, and such ordinance is clear and certain, such provisions are not open to an attack in a prosecution for the violation of such ordinance.  p. 74.

4.  SAME.—*Ordinances.—Construction.*—An ordinance imposing a penalty is penal, and is subject to strict construction.  p. 75.

5.  SAME. — *Police Power. — Railroad Crossings. — Lights.* — An ordinance requiring all railroad companies operating trains within a municipal corporation to maintain electric lights at its street intersections during the nights when such corporation maintains lights, and that such lights shall be selected at the discretion of such railroads, but need be no stronger than those used by such corporation, is not unreasonable.  p. 75.

6.  SAME.—*Railroad Crossings.—Lights.—Ordinance.—Definiteness.—* An ordinance in effect providing that railroads shall maintain lights at its street intersections every night, of sufficient strength to enable travelers to see the crossings, but need not be stronger than those used for street lights, and that no lights need be maintained when the street lights are not burning, nor when the moon furnishes sufficient light for a traveler to see such crossing, is not void for indefiniteness, since the concessions therein alleged to be vague and uncertain are all beneficial to the railroad.  *City of Shelbyville* v. *Cleveland, etc., R. Co.*, 146 Ind. 66, and *City of Connersville* v. *Cleveland, etc., R. Co.*, 147 Ind. 277, modified.  p. 75.

From Montgomery Circuit Court; *Jere West,* Judge.

Prosecution by the City of Crawfordsville against the Chicago, Indianapolis & Louisville Railway Company for the violation of a municipal ordinance.  From a judgment for $10, the defendant appeals.  *Affirmed.*

*E. C. Field, H. R. Kurrie* and *Thomas & Foley,* for appellant.

*Finley P. Mount,* for appellee.

HADLEY, C. J.—Suit by appellee to recover a penalty for the violation of a city ordinance requiring the lighting of street intersections.

The act of March 4, 1893 (Acts 1893, p. 302, §5173 Burns 1901), grants to cities, for the security and safety of persons from running trains, the power to require, by ordinance, railroad companies to maintain, at the points where the railroad track crosses the streets of the city, the same kind of lights maintained by the city, on all nights that the common council may direct. The above act effects a delegation of police power to cities, and the power granted is limited and specific. (1) It can be exercised only as a means of safety to citizens against running trains; (2) the council shall determine at what particular intersections lights are necessary to safety against trains; (3) the council shall only require the same kind of lights as are maintained by the city; and (4) the council shall have the right to determine the nights on which the lights shall be maintained. .

In attempting to exercise the power granted by this statute the city of Crawfordsville (appellee) passed an ordinance, the first and second sections of which are as follows: "Section 1. Be it ordained by the mayor and common council of the city of Crawfordsville, Indiana, that it shall hereafter be the duty of every railroad company running and operating a railroad through the city, to keep and maintain an electric light at every point where the main track of said railroad company, upon which it runs any regular train or trains during the night-time, crosses or intersects at grade any public street in said city. Such electric light shall be of sufficient power to light the crossing of such railroad where it is placed and maintained in such a manner as to enable citizens and other persons traveling and passing over such crossing to see the track or tracks and protect themselves from the danger of running trains on such railroad: Provided, such light shall not be required to exceed in power those now in use for lighting the streets of said city.

"Section 2. All lights provided in section one hereof shall be kept lighted and burning during the hours of night-time of every day in the year, beginning at twenty minutes

after sunset and continuing to burn until twenty minutes before sunrise of each day during the months of October, November, December, January, February and March of each year, and beginning at thirty minutes after sunset and continuing until thirty minutes before sunrise of each day during the months of April, May, June, July, August and September of each year: Provided, said lights shall not be required to be kept burning or lighted during any of such hours, or parts of hours, when the moon shall be shining so as to give sufficient light to light such crossings, as hereinbefore provided. And provided further, such lights shall not be required to be kept burning or lighted during any of such hours, or parts of hours when the lights in use for lighting the streets of said city shall not be lighted or burning. The purpose of such last provision being to exempt such railroad company or companies from lighting such crossings at any time or times when the streets of said city are not lighted." The third section provides that for a violation of the ordinance the offending company shall pay a fine not exceeding $100.

Appellant, having been tried and convicted of a violation of this ordinance, challenges its validity, chiefly on the ground of unreasonableness in its excessive and indefinite requirements as to the time the lights shall be maintained.

1. The court correctly sustained a demurrer to appellant's third answer. It was, in effect, that there is a device which can be attached to the railroad track in such a way that a moving train at a distance away will ignite a lamp at the crossing, which will continue to burn and light the crossing until the train has passed over and beyond; that such device would furnish ample protection to citizens against moving trains, but, by reason of the ordinance requiring the lights to burn constantly, it is unable to install such device, and the ordinance is therefore unreasonable and void.

In the first place, when appellant has installed the device

and adequately lighted the crossings during the passage of all night trains, or has been obstructed by appellee in a *bona fide* effort to do so, will be time enough to present such a defense.

2.   In the second place the legislature has declared that the city council shall have power to determine what kind of lights shall be used, and during what nights they shall be maintained.   The power to require lights on all nights embraces the power to require them all hours of the night, or parts of nights.   This is a grant of specific power by the legislature.   Such a grant, when in harmony with the Constitution, can not be questioned by any other body as to its reasonableness.   *Champer* v. *City of Greencastle* (1894), 138 Ind. 339, 24 L. R. A. 768, 46 Am. St. 390; 1 Dillon, Mun. Corp. (4th ed.), §328.

3.   There is no pretense but that the city of Crawfordsville maintains a system of electric lighting of its streets, and is fully within the provisions of the statute as to the right to require electricity as the kind of light to be employed by appellant.   And if the council of appellee city has determined the kind of light appellant shall use, and it is the same kind maintained by the city, and has further provided on what nights or parts of nights the lights shall be kept burning, and has expressed its conclusion upon these things in an ordinance, in clear and certain language, such provisions in the ordinance are not open to attack in a proceeding of this kind.

But it is urged, as a matter of insufficiency of the evidence, that the ordinance is void for unreasonableness in exacting a particular kind of light, and for uncertainty as to the time, or times, when the company is required to have the crossing lighted.   The insistence is that the duty to light depends upon so many contingencies—the burning of the city lights, adequacy of moonlight, etc.—as to make it impossible for appellant to determine with reasonable accuracy when the duty to light arises, and when it is excused.

4.  It is true, as contended, that, as the ordinance imposes a penalty solely as a punishment for its transgression, it must therefore be classed as penal, and subject to strict construction.  Sutherland, Stat. Constr., §208.

5.  But it is proper to take a reasonable view of the statute as a whole for the purpose of ascertaining the objects the legislature had in view.  From such inspection it is plain that both the statute and the ordinance are drawn in a spirit of liberality towards the railroad companies.  By the statute, unless the city is maintaining a system of street lighting, it can not require railroad companies to light their street intersections; and it can then require only such lights as the city itself maintains.  By the ordinance railroad companies may choose their own class of electric lighting, and they need be no stronger than those maintained by the city for street lighting, and when the city lights are out, for any cause, the company's lights may also remain unlighted.

All this legislation looks to the amelioration of the burden of railroad companies.  It can not be expected that such companies will erect their own gas or electric light plants to supply lights at their crossings.  They are expected to use, because they can more economically use, the same kind of lights with which the city is supplied.  Such utilities, whether maintained by the city or by a private corporation, are public, and occupy the streets and ways of a city, for distribution to the people, and must, under the law, be supplied to all inhabitants fairly, and alike.  There is therefore no chance for oppression, and no ground for the charge of unreasonableness in being required to employ the same kind of light, or in being required to keep the lights burning when the city's lights are burning.

6.  The question remains: is the ordinance before us sufficiently definite and certain, with respect to the times when the crossing shall be lighted, to inform appellant of what is commanded of it?  It has been held that an ordinance prescribing that "the number of hours that said elec-

tric lights shall be required to be lighted during each·period of twenty-four hours shall be the same as the said council does now, or may hereafter, require the lights of said city to be lighted" is sufficiently definite to advise the railroad company of what it is required to do. *Cincinnati, etc., R. Co.* v. *Village of Bowling Green* (1897), 57 Ohio St. 336, 49 N. E. 121, 41 L. R. A. 422.

We perceive no reason why it would not be sufficient for an ordinance to provide that lights shall be maintained by railroad companies in accordance with the schedule of street lighting then or thereafter maintained by the city, or why such a provision would not be preferable to the moonlight provision of the ordinance before us. What, then, shall be said of this ordinance as modified by the proviso "that said lights shall not be required to be kept lighted and burning during any time when the moon shall be shining so as to give sufficient light to light such crossing, as hereinbefore provided;" that is, as provided in section one, when the moon is shining so as to give sufficient light to enable travelers over the crossing to see the track, and protect themselves from running trains.

When the ordinance and its provisions are considered as an entirety, what does it all mean? Simply this: Railroad companies shall maintain during all and every night in the year some pattern of electric light at all crossings over which trains run in the night-time. The lights should be sufficient to enable the traveler to see the crossing, but need not be of a greater power than the lights in use by the city for street lighting. The lighting is excused on all nights and parts of nights (1) when the moon furnishes the traveler the same amount, or strength, of light required of the company by the first section of the ordinance, namely, not exceeding in power the lights in use by the city; and (2) at all times when the city lights, for any reason, are not burning. The exemptions are beneficial to appellant. The city had, under the statute, the undoubted authority to require all-night

lighting, in a proper case, and the fact that it exonerated the company from lighting under certain conditions was a matter of grace, and not of duty. Appellant is not, therefore, in a situation to complain of unreasonableness in the concessions, because too vague and uncertain. When there is not reasonable certainty as to the sufficiency of the moonlight, the lighting should go on if the city lights are burning. We therefore conclude that the ordinance was sufficiently definite and certain to inform appellant of what it was required to do.

The expressions and rulings in *City of Shelbyville* v. *Cleveland, etc., R. Co.* (1896), 146 Ind. 66, and *City of Connersville* v. *Cleveland, etc., R. Co.* (1897), 147 Ind. 277, 37 L. R. A. 175, 62 Am. St. 418, which announce a contrary doctrine, are modified to conform to the rulings in this case.

Judgment affirmed.