## PRINCETON COAL COMPANY *v.* FETTINGER.

[No. 22,891. Filed June 27, 1916. Rehearing denied December 12, 1916.]

1. MASTER AND SERVANT.—*"Miners' Washroom Law."*—*Constitutionality.*—The Act of March 8, 1907 (§8623 Burns 1914, Acts 1907 p. 193), known as the "Miners' Washroom Law," is constitutional. p. 676.

2. COURTS.—*Supreme Court.*—*Appeal.*—*Questions Reviewable.*— Where the judgment of the lower court in an action, which originated before a justice of the peace, involves less than fifty dollars, and an appeal is taken which seeks to question the application of a law to the case at bar, the question of the construction of the statute is not in issue. p. 676.

3. MASTER AND SERVANT.—*Regulations.*—*"Miners' Washroom Law."* —*Construction.*—The proviso contained in the "Miners' Washroom Law" (§8623 Burns 1914, Acts 1907 p. 103) that the mine owner shall not be required to furnish soap or towels thereby inferentially requires that all other things essential to the equipment and maintenance of the washroom should be furnished by the mine owner, since it is a fundamental rule in the construction of statutes, that where one thing is mentioned it is to the exclusion of all others. p. 677.

From Pike Circuit Court; *John L. Bretz*, Judge.

Action by Samuel H. Fettinger against the Princeton Coal Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Lucius C. Embree* and *Morton C. Embree*, for appellant.

*Oscar Lanphar*, for appellee.

ERWIN, J.—This appeal presents but one question within the jurisdiction of this court to decide, viz.: The constitutionality of the act of March 8, 1907, being chapter 121 of the acts of the general assembly of 1907, and known as the "Miners' Washroom Law." §8623 Burns' 1914, Acts 1907 p. 193.

The constitutionality of the act in question was considered by this court in the case of *Booth* v. *State* (1912), 179 Ind. 405, 100 N. E. 563, L. R. A. 1. 1915B 420, Ann. Cas. 1915D 987, wherein this court held that it was not open to the infirmities claimed by appellants in this case. The case of *Booth* v. *State, supra,* was taken on writ of error to the Supreme Court of the United States and, upon review of the questions decided by this court, the judgment of this court was affirmed. *Booth* v. *State* (1915), 237 U. S. 391, 35 Sup. Ct. 616. No other reasons why the law is invalid are urged in this case than were presented in the Booth case, and we adhere to the ruling announced in that case.

It is sought here to question the manner of the application of the law to the instant case; but, as the judgment from which this appeal is taken 2. is less than $50 and originated before a justice of the peace, no question of the construction of a statute is involved in this case. *Chicago, etc., R. Co.* v. *Anderson* (1914), 182 Ind. 140, and cases cited on page 145, 105 N. E. 49.

Having disposed of the only question presentable in this appeal, adverse to appellant's contention, the judgment is affirmed.

## ON PETITION FOR REHEARING.

ERWIN, J.—It is insisted by appellant that the court erred in declaring that the construction of the statute was not in issue, and in not deciding that question in the original opinion.

We are of the opinion that the statute is too plain to even suggest to any one reading the same that there could be any doubt as to its meaning.

3. The act in question, after providing that washrooms shall be erected by the coal companies and providing how the same shall be equipped, follows with this statement: "That said building or room shall be a separate building or room from the engine or boiler room, and shall be *maintained* in good order, be properly lighted and heated, and be supplied with clean cold and warm water, and shall be provided with all necessary facilities for persons to wash, and also provided with suitable lockers for the safe keeping of clothing: Provided however, that the owner, operator, lessee, superintendent of or other person in charge of such mine or place as aforesaid shall not be required to furnish soap or towels." The question as far as the legal aspect of the cases are concerned is the same in this case as in the *Booth v. State* (1912), 179 Ind. 405, 100 N. E. 563, L. R. A. 1915B 420, Ann. Cas. 1915D 987, for there can be no difference so far as the legal principle is concerned in a case requiring the equipment and *maintenance* of a washroom than one requiring the erection of one; each rests upon the authority of the lawmaking body to require it to be done; hence we said in the original opinion in this case that all questions had been disposed of in the Booth case.

An examination of the law will disclose that the proviso to the section, which excuses the mine owner from furnishing soap and towels, could have but one inference, and that is that all other things essential to the equipment and maintenance of the washroom should be furnished by the mine owner. It is a fundamental rule in construction of statutes, that where one thing is mentioned it is to the exclu-

sion of all others. Broom, Maxims (8th ed.) 650-664; *State* v. *Patterson* (1913), 181 Ind. 660, 664, 105 N. E. 228. It is equally true that where, as in this case, the statute excepts from the things to be furnished in the maintenance of the washroom—soap and towels—that all things necessary to its proper equipment and maintenance other than those mentioned in the exception, shall be furnished by the mining company. This is the only logical conclusion that can be deduced from the language of the statute. Broom, Maxims (8th ed.) 664-666.

The provision that the washroom shall be maintained by the company is no more in conflict with the Constitution than that part requiring that it should be built by it. The constitutionality of the act was determined in *Booth* v. *State, supra.*

The petition for rehearing is overruled.

NOTE.—Reported in 114 N. E. 406. Statutes requiring master, owner or operator to furnish washrooms or similar conveniences for employes, validity, Ann. Cas. 1915D 991; L. R. A. 1915B 420.