# McQuade v. State of Indiana.

[No. 23,166. Filed March 30, 1917.]

1. MASTER AND SERVANT.—*Regulation of Coal Mines.—Providing Washrooms.—Statute.—Scope.*—Section 8623 Burns 1914, Acts 1907 p. 193, requiring the owner, lessee, operator or superintendent of a coal mine to provide a washroom for employes, includes mine superintendents within its operation. p. 203.

2. CRIMINAL LAW.—*Appeal.—Review.—Evidence.—Sufficiency.*—In a prosecution of a mine superintendent for failure to provide a washroom for employes, where the record on appeal discloses proof of facts from which the jury was warranted in drawing the inference that defendant was served with a request in writing to furnish a washroom, as required by §8623 Burns 1914, Acts 1907 p. 193, the evidence is sufficient in that respect to sustain a judgment of conviction. p. 203.

3. CRIMINAL LAW.—*Verdict.—Evidence.—Sufficiency.*—In a prosecution of a coal mine superintendent for failure to furnish a washroom, as required by §8623 Burns 1914, Acts 1907 p. 193, evidence that a number of the miners talked with the accused concerning the petition for a washroom and that it affirmatively appeared from defendant's affidavit for a continuance that he was personally served with "a notice for a washhouse," is sufficient to sustain the conclusion of the jury that the accused received such notice of the miner's request as is contemplated by the statute. p. 204.

4. CRIMINAL LAW.—*Appeal.—Briefs.—Waiver of Error.*—An assignment of error predicated on the alleged erroneous admission of evidence is waived by appellant's failure, in his statement of the record, to set out even the substance of the evidence complained of, or to refer to the page and line of the transcript where the court's ruling thereon may be found. p. 204.

5. CRIMINAL LAW.—*Appeal.—Briefs.—Waiver of Error.*—An assignment of error that a requested interrogatory should have been submitted to the jury is waived where it is unsupported in appellant's brief by either a citation of authority or argument. p. 204.

From Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

Prosecution by the State of Indiana against William

P. McQuade. From a judgment of conviction, the defendant appeals. *Affirmed.*

*James M. House* and *Charles Unger,* for appellant.

*Ele B. Stansbury,* Attorney-General, *U. S. Lesh, Elmer E. Hastings, Edward M. White* and *John G. McCord,* for the State.

SPENCER, J.—Appellant was tried and convicted on an affidavit charging him with a violation of §8623 Burns 1914, Acts 1907 p. 193, which requires owners or operators of coal mines and other employers of labor to erect and maintain washhouses, etc., for the benefit of their employes. On appeal, he questions the sufficiency of the evidence to sustain his conviction and contends: (1) That as superintendent of a coal mine he could not be required to expend funds for the construction and equipment of a washroom, and (2) that there is a failure of proof to show that he was served with a "request in writing," as contemplated by the statute.

The first objection is disposed of by the decision in *Booth* v. *State* (1912), 179 Ind. 405, 100 N. E. 563, L. R. A. 1915 B 420, Ann. Cas. 1915 D 987, where

1. the statute is considered at length and expressly held to include mine superintendents within its operation. See, also, *Booth* v. *State* (1915), 237 U. S. 391, 35 Sup. Ct. 617, 59 L. Ed. 1011; *Princeton Coal Co.* v. *Fettinger* (1916), 185 Ind. 406, 113 N. E. 236, 114 N. E. 406.

The second objection requires a review of the evidence, and it must be overruled if the record discloses

2. proof of facts from which the jury was warranted in drawing the inference that appellant was served with the necessary notice. *Brunaugh* v. *State* (1909), 173 Ind. 483, 511, 90 N. E. 1019; *Eacock* v. *State* (1907), 169 Ind. 488, 507, 82 N. E. 1039.

The evidence in this case clearly establishes the fact that a proper petition was prepared by the miners who were at work under appellant and that it was brought to the attention of the president of the coal company. Some of the miners further testified that they talked with appellant concerning the petition and the necessity for such a washroom as is contemplated by the statute, and it affirmatively appears from an affidavit for a continuance of the cause, which was sworn to by appellant and subsequently introduced in evidence by the State, that he was personally served with "a notice for a washhouse." These and similar circumstances which appear in evidence are sufficient to sustain the conclusion of the jury that appellant received such notice of the miners' request as is contemplated by the law, and, when considered with the other facts proved, requires that the verdict be upheld.

This conclusion serves also to dispose of appellant's contention that his request for a peremptory instruction should have been sustained and leaves only his assignments: (1) That certain evidence was erroneously admitted at the trial, and (2) that the court should have submitted to the jury his requested interrogatory No. 1.

The first of these questions is waived by appellant's failure in his statement of the record to set out even the substance of the evidence complained of, or to refer to the page and line of the transcript where the court's ruling thereon may be found. *Agar* v. *State* (1911), 176 Ind. 234, 250, 94 N. E. 819. The second objection is unsupported by either a citation of authority or argument. *Buffkin* v. *State* (1914), 182 Ind. 204, 207, 106 N. E. 362.

No error appearing, the judgment of the trial court is affirmed.

NOTE.—Reported in 115 N. E. 583. Statute requiring a master to furnish a washroom or similar conveniences for employes, L. R. A. 1915 B 420; Ann. Cas. 1915 D 991. See under (2) 12 Cyc 907; (4) 12 Cyc 877.