## MASTERSON v. STATE OF INDIANA.

[No. 23,235. Filed November 20, 1917.]

1. PERJURY.—*Indictment.*—*Statute.*—An indictment for perjury charging that the accused falsely made a voluntary affidavit before a notary public repudiating, as untrue, testimony which he had previously given before a grand jury and stating that he had been induced by a special prosecuting attorney to give such false testimony was properly based on §2376 Burns 1914, Acts 1905 p. 584, 694, providing that whoever wilfully, corruptly and falsely, before any officer authorized to administer oaths, under oath or affirmation, voluntarily makes any false

certificate, affidavit or statement of any matter, for any purpose, shall be deemed guilty of perjury, §2376 Burns 1914, Acts 1905 p. 584, 694, having no application, as the affidavit does not purport to relate to a pending proceeding, and contains nothing concerning which an oath or affirmation might be required by law. p. 610.

2. CRIMINAL LAW.—*Appeal.—Review.—Admissibility of Evidence.—Waiver.*—Review of any questions as to the admissibility of evidence is waived, where appellant fails, in his brief, to point out where such evidence may be found. p. 611.

From Marion Criminal Court (45,852) ; *Clarence E. Weir*, Special Judge.

Prosecution by the State of Indiana against David R. Masterson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister*, for appellant.

*Ele Stansbury*, Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury*, for the State.

SPENCER, C. J.—The indictment in this case alleges, in substance, that appellant, on June 17, 1916, appeared before a notary public in Marion county and made a voluntary affidavit in which he repudiated, as untrue, certain testimony which he had previously given before the grand jury of Delaware county and further stated, under oath, that he had been induced by a special prosecuting attorney for that county to give such false testimony. The indictment then charges appellant with perjury in the making of said affidavit and is manifestly based on §2376 Burns 1914, Acts 1905 p. 584, 694, which provides, in part, that: "Whoever wilfully, corruptly and falsely, before any officer authorized to administer oaths, under oath or affirmation, voluntarily makes any false certificate, affidavit or statement of any nature, for any purpose, shall be deemed guilty of perjury," etc.

Appellant contends, however, that the indictment should have been based on §2375 Burns 1914, and

that it is insufficient under that statute on account of its failure to charge that the matter contained in the affidavit was material to any pending issue.

The premise of this contention is unsound. The affidavit does not purport to relate to a pending proceeding, and it contains nothing concerning which an oath or affirmation might be required by law. Appellant's action in making the same appears to have been voluntary and his purpose is not disclosed. Under such circumstances §2376, *supra,* is applicable. As was said in the case of *State* v. *Malone* (1910), 174 Ind. 746, 751, 93 N. E. 170, 172: "The gravamen of the offense defined by this section is the corrupt and wilful making of a false and voluntary oath with respect to any matter, and without regard to the purpose in mind. The specific purpose in mind at the making of the affidavit or oath is immaterial, and an indictment needs only to show the oath, alleged to be false, with such certainty and particularity as to apprise the accused fairly of the charge he is called upon to meet." The indictment in this case fully meets the requirements thus stated, and the motion to quash was therefore properly overruled.

The above conclusion serves also to dispose of most of the questions presented by the ruling on appellant's motion for a new trial. The remaining grounds

2. of that motion relate to the admission of certain items of evidence, but appellant has failed, in his brief, to point out where such evidence may be found (*McQuade* v. *State* [1917], *ante* 202, 115 N. E. 583), and on examination of the record it develops that no objection was made to its admission. Judgment affirmed.

NOTE.—Reported in 117 N. E. 645. See under (1) 30 Cyc 1406. Requisites of indictment of a witness for perjury 124 Am. St. 655.