STATE OF INDIANA *v.* MEARS.

[No. 26,945. Filed January 25, 1938.]

*Omer S. Jackson,* Attorney-General, and *Walter O. Lewis,* Deputy Attorney-General, for the State.

*Fred N. Fletcher*, for appellee.

SHAKE, J.—This was a criminal prosecution by affidavit in two counts. The first count charged the defendant with an attempt to take, and the second count charged that he did take, catch, kill, injure and destroy fish in a designated stream in the county and State, on a date named, by means other than "angling with hook and line," by then and there placing an unbaited hook which was attached to the end of the line into the said waters and jerking said line and hook back and forth with a pole and reel which was attached to the other end of said line, so as to cause said hook to become inserted into any fish that might be in the way of said hook as it was jerked through said waters.

There was a motion to quash on the statutory ground that neither count stated facts sufficient to constitute a public offense. The motion to quash was sustained as to both counts. The prosecuting attorney elected to stand on the affidavit and the court rendered judgment discharging the defendant. Error is predicated on the sustaining of the appellant's motion to quash as to each count.

The statute upon which the prosecution is based is as follows: "It shall be unlawful for any person to take, catch, kill, injure or destroy, or attempt to take, catch, kill, injure or destroy any fish in the waters of this state by means of any gig, spear, seine, net, trap, weir, gaff hook, snare, electric current, or by means of dynamite or other explosives, or by means of any substance which has a tendency to stupefy or poison fish, or by means of the hands alone, or by any means other than angling with hook and line, except as in this act otherwise provided." (Acts of 1937, Chap. 21, §94; §11-1605 Burns Supp. 1937; §8231-5 Baldwin's Supp. 1937.)

The proper disposition of this appeal depends upon

whether the taking or the attempt to take fish in the manner described in the affidavit constitutes "*angling with hook and line*" as defined in said act. If the defendant was engaged in angling with hook and line, he committed no offense. If, on the other hand, he was taking or attempting to take fish by means other than by angling with hook and line, the court erred in quashing the affidavit.

In approaching the consideration of the question before us, it may be well to bear in mind some of the well established rules of statutory construction. While penal statutes are to be construed strictly, they are not to be so strictly construed as to defeat the obvious intention of the legislature. *Booth* v. *State of Indiana* (1913), 179 Ind. 405, 410, 100 N. E. 563. Where there is nothing in the act itself to indicate that a word, or phrase, is used in a particular, or technical, sense, it is to be taken or accepted in its ordinary and popular meaning. *Massey.* v. *Dunlap et al.* (1896), 146 Ind. 350, 358, 44 N. E. 641. The cardinal rule in the interpretation of a statute is to ascertain and give effect to the general intent of the act, if that can be discovered. Effect should be given to every word and clause, and, if possible, such a construction avoided as will make a proviso plainly repugnant to the body of the act. *State* v. *Weller* (1908), 171 Ind. 53, 56, 85 N. E. 761.

Applying the above rules to the matter before us, it may be observed that the statute upon which the charge was based specifically prohibits the use of any gig, spear, gaff hook or snare in the taking of fish from the waters of this State. It is reasonable to assume, therefore, that in permitting "angling with hook and line" the legislature had in mind some practice wholly different and apart from those practices which are forbidden.

We believe that "angling," in the sense that the term is used in the above statute, contemplates the use of some bait, lure or deception, and that the practice of drawing a line equipped with a hook swiftly through the water with the expectation that said hook will come into contact with some part of the fish is without the intent of the statute. "Angling" is defined, generally, as "the act or art of fishing with a rod and line; rod fishing." (3 C. J. S., p. 1074.) The word "angling" is derived from the noun "angle," meaning, "a fishhook; tackle for catching fish, consisting of a line, hook, and bait, with or without a rod." (Webster's New Internat'l Dictionary, 2nd Ed. Unabridged.) The word has also been defined as, "the art or practice of the sport of catching fish by means of a baited hook or angle" (1 Ency. Britt., 14th Ed.) ; "catching fish by rod, line and hook, or by line and hook, the salient feature of the pursuit being the allurement of the prey by an attractive bait." (1 Chambers Ency.)

From the authorities cited and the language and evident purpose of the statute under consideration, we conclude that the facts charged in each count of the affidavit constituted a taking or an attempt to take fish by "means other than angling with hook and line." Each count charged a public offense and the court erred in sustaining the motion to quash.

Reversed, with directions to overrule the motion to quash as to each count and to require the appellee to plead to the charge.