RENO v. REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 20,313. Filed July 27, 1965. Rehearing denied September 16, 1965. Transfer denied February 23, 1966.]

* While Judge Martin participated in the hearing of the oral argument and conference of the Judges above named, he did not participate in the adoption of this final opinion.

*Archie Lapin* and *Donald D. Chiappetta,* of Muncie, for appellant.

*John J. Dillon,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellees.

CARSON, J.—This appeal is from a hearing before the Review Board of the Indiana Employment Security Division to determine whether the appellant, Willie Reno was eligible to draw unemployment compensation for the period of February 8, 1964, through March 28, 1964. The review board ruled that the appellant was not eligible during said period and that he therefore owed a refund of $288.00 to the Indiana Employment Security Division. This appeal is brought from the de-

cision of the review board on an assignment of error that the decision of the review board was contrary to law.

The facts concisely stated are as follows: Willie Reno, beginning on October 11, 1962, and at various times thereafter, was employed at the Warner Gear Division of Borg-Warner Corporation at Muncie, Indiana. On October 7, 1963, he was laid-off at Warner Gear. Prior to being laid-off he enrolled for the summer term of classes at Ball State Teachers College in Muncie. While in school he worked the 11:30 p.m. to the 7:30 a.m. shift at Warner Gear. The appellant did not enroll in the fall quarter classes but, on December 5, 1963, enrolled for the winter quarter at Ball State. He resumed work at Warner Gear in November 1963, and continued in that employment until January 31, 1964, when he was again laid-off. The winter quarter of school terminated in the last of February or the 1st of March after which appellant enrolled for the summer quarter. The appellant filed an application for benefits on October 8, 1963, and received benefits for the period from October 19, 1963, through November 9, 1963. He re-opened his claim on January 31, 1964, through March 20, 1964. The appellant did not inform the local office of his school attendance.

A Determination of Eligibility for benefits was issued by the Indiana Employment Security Division the conclusion of which reads as follows:

"CONCLUSION

The claimant was attending school or was in a vacation period between terms during the weeks ending 2-8-64 through 3-28-64 and was not available for work. He owes a refund of $288.00 to the Indiana Employment Security Division."

The appellant requested a hearing before a referee and the referee affirmed the decision of ineligibility. The review board after proper request, on hearing, affirmed the appeal referee's award.

The maxim has long been accepted that in an appeal from an award by the review board this court will not disturb the decision unless reasonable men would be bound to reach a different conclusion on the evidence presented in the record. *Adams et al.* v. *Rev. Bd. Ind. Emp. Sec. Div. et al.* (1957), 237 Ind. 63, 143 N. E. 2d 564.

The sole issue for determination on this appeal is whether the appellant, Willie Reno, was eligible to draw unemployment compensation during the time he was unemployed and attending a regularly established school. The appellee contends that within the meaning of § 52-1538(b), Burns' 1964 Replacement, 1964 Supp. appellant was not eligible for said benefits because he was enrolled in a school term other than the fall term as specified in said statute. The appellant contends that he comes within the exception to the above section of the Employment Security Act and was not ineligible within the definition of the act.

Section 52-1538(b) reads in pertinent part as follows:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if: He is physically and mentally able to work, is available for work and is found by the division to be making an effort to secure work" . . . "For the purposes of this act [§§ 52-1525—52-1563(b)], unavailability for work of an individual shall be deemed to exist but shall not be limited to, any case in which, with respect to any week, it is found:

(a) That such individual is attending a regularly established school, college, university, hospital, or training course or is in any vacation period intervening between regular terms, during which he is a student, of any such regularly established school, college, university, hospital, or training school: Provided, however, That the provisions herein shall not apply during his benefit period to any individual who subsequent to his enrollment in and while attending a regularly established school has been regularly full-time employed and thereafter being unemployed shall maintain residence in the labor market area of such prior employment, shall be making an effort to secure work and shall make himself available on any shift of hours for suitable employment by his or her most recent employer or for any

other suitable employment to which he is directed, pursuant to the provisions of this act. *For the purpose of this section, regular school term means the date on which the fall term officially commences and thereafter for the nine [9] months immediately following and enrollment means the date on which the fall school term officially begins or the date on which the individual personally enrolls, whichever is the later.* (Our emphasis)

The above quoted provisions of the Employment Security Act set out the requirements for eligibility for benefits, certain acts that result in ineligibility and certain exceptions to the general rule as to ineligibility. The act requires that an individual in order to receive benefits be available for work. It is set out therein that unavailability for work shall be deemed to exist when an ". . . individual is attending a regularly established school, college, university, hospital or training school" . . . "or is in any vacation period intervening between regular terms, during which he is a student . . ."

An exception to the above general rule is enunciated in the statute in that the provisions as to unavailability do not apply to an individual during his benefit period if:

1. Subsequent to enrollment in and while attending a regularly established school he has been regularly full time employed,

2. Becoming unemployed he remain a resident in the labor market of the prior employment and,

3. He makes an effort during this period to secure work and makes himself available for work on any shift of hours for suitable employment with his most recent employer.

In making exact the above exception the statute defines "regular school term" as the date on which the fall term officially begins and the next succeeding nine months. "Enrollment" for the purpose of the exception means the date on which the *fall school term* officially begins

or the date on which the individual personally enrolls whichever is later.

Appellant contends that the review board incorrectly determined that enrollment in the fall school term was a condition precedent to qualification under the exception to unavailability. With this contention we cannot agree.

The statute is clear and unambiguous, the general rule being that an individual attending a regularly established school, etc. during periods of unemployment is to be considered unavailable for work and therefore ineligible for benefits under the act. If the appellant's contention were of merit then this provision in the statute would be surplusage and without effect. The appellant would have us read the exception in such a manner as to make any student enrolled in a regularly established school available for benefits when unemployed irrespective of the express statement in the proviso setting out the exception. The inclusion of the definition of enrollment under the terms of the proviso as relating to the fall school term provides a spring which enacts the exception. Such enrollment is a prerequisite to coverage by the exception provision. Were we to hold otherwise the statute would be meaningless.

A proviso must be construed together with the body of the act and a construction of a statute which would nullify or make a proviso plainly repugnant to the body of an act should be avoided. *State* v. *Beckwith* (1947), 225 Ind. 288, 74 N. E. 2d 742; *State* v. *Mears* (1938), 213 Ind. 257, 12 N. E. 2d 343. Reading the proviso in this section of the act with the section as a whole it is clear that the legislature here intended enrollment in the fall term to be the limiting factor in relation to who would qualify within the specified exception to the general rule. It is uncontested that the appellant herein was not enrolled in the fall term of school at Ball State Teachers College. Under the above interpretation the necessary prerequisite i.e. enrollment in the fall

term was missing and the appellant was therefore rightfully refused benefits.

While we agree that the inequities in this interpretation are apparent it is not the office of this court to substitute its words for the words of the legislature when the legislative intent is certain. Both the Indiana Supreme Court and this court have repeatedly held that we will not legislate by judicial fiat. *Town of Kewanna etc.* v. *Ind. Emp. Sec. Bd.* (1961), 131 Ind. App. 400, 171 N. E. 2d 262; *Co. Board of Election Com'rs of Gibson County et al.* v. *State, ex rel. Sides* (1897), 148 Ind. 675, 48 N. E. 226. For us to apply the theory advanced by the appellant we would be going far beyond what we consider the proper interpretation of the act as worded. If hardship results the remedy is with the legislature. The decision of the review board is not contrary to law and it is therefore affirmed.

Prime, P. J., and Faulconer, J., concur.

While Judge Martin participated in the hearing of the oral argument and conference of the Judges above-named, he did not participate in the adoption of this final opinion.

NOTE.—Reported in 209 N. E. 2d 269.